LILLIE STONE, et al., Respondents, v. SECURITY LIFE INS. CO., Appellant.

Kansas City Court of Appeals November 29, 1920.

LIFE INSURANCE: Misrepresentation: Statutes: Cancer: Issue. The Statute of Missouri (Sec. 6937, R. S. 1909) provides that no misrepresentation made in obtaining a life insurance policy shall be deemed material, unless the matter misrepresented shall have actually contributed to the death; and that whether it did or not shall be a question for the jury. It was *held* that where the insured died of cancer of the womb, misrepresentations as to all other ailments could not be considered, and the sole issue would be, was the insured afflicted with cancer of the womb at the time she made the representation in her application and not whether she afterwards was so afflicted.

Appeal from Clay Circuit Court.—*Hon. Ralph Hughes,* Judge.

AFFIRMED.

*E. G. Simrall* and *Claude Hardwicke* for respondents.

*F. W. Bull, A. S. Lytton, A. Stanford, Lyon* and *Martin E. Lawson* for appellant.

ELLISON, P. J.—This action is based on a policy of life insurance whereby plaintiff's mother was insured for their benefit in the sum of two thousand dollars. The mother died and defendant refusing payment, this suit followed.

The application for this insurance was made the 19th of January, 1918, and an examination of the insured was made by the defendant's physician the 17th of February following. The proofs of loss were admitted to have been made and the defense is based on fraudulent representations in the application for the policy.

This defense must be governed by sec. 6937, Revised Statutes 1909, reading as follows; ''No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this State, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury.''

The evidence for defendant without contradiction shows that the death resulted from cancer of the uterus and the question arising under this statement, is; did deceased make a misrepresentation as to being afflicted with such cancer when she applied for the insurance? And that question by explicit direction of the statute must be determined by the jury under the guidance of the rules of law applicable to jury trials; that is to say, the verdict of a jury would not be permitted to stand if it had no evidence upon which to rest. As applied to this case we must allow the verdict in favor of plaintiffs to stand unless we can declare, on the evidence, as a matter of law, that the deceased was guilty of misrepresentations in relation to being afflicted with cancer of the uterus when she made her application, including as a part thereof her statement to defendant's examining physician. She stated to such physician in writing on February 17, 1918, that she had not had a cancer or disease of the womb. Since deceased died of cancer of the womb, we are only interested in that disease, for the statute is plain that any misrepresentation as to any other affliction cannot be considered.

It is, of course, apparent that this statement did not relate to a cancer which may have come into existence after the statement was made, for she made no misrepresentation as to the future. So then we must inquire if the evidence shows, as a matter of law, that she was so afflicted at that time. Or, stated differently, is there any substantial evidence tending to show that

deceased was not afflicted with cancer of the uterus at the date. of her application. We find there is abundant evidence to that effect upon which the verdict may rest, and this, of course, will prevent us from declaring, as a matter of law, that she was so afflicted. We think, indeed, that the evidence against there being a cancer at *that time* preponderates over any evidence tending to show that a cancer did exist.

In the first place · defendant's examining physician who had prescribed for deceased prior to this and therefore had at least observed her, testified that at the date of the application she "seemed to be a strong, well woman." There was evidence tending to show that if she had had cancer at that time some evidence of it would have been exhibited in her appearance. Again a doctor, called as a witness by defendant, testified that something more than a month after her application he examined her and found she had "a bad flow," but he could not say what caused it. Another doctor called by defendant treated deceased at her death and stated he could not tell how long she had been afflicted, and that her trouble might have been syphilis.

There was other evidence of like character and yet we are asked to say as a matter of law, that deceased had cancer of the womb when she made her application. We have no doubt that we should not do so.

What we have written practically covers objections made to the instructions given for plaintiffs. There was no reversible error in them. The only criticism that can be made is that they put more burden on plaintiffs than was required by the law.

Repeating what we have already said; deceased died of cancer of the womb. That was established by defendant's evidence. Misrepresentation as to any other ailments are of no consequence. The only issue following that conceded fact is, was she so afflicted at the time she made her application for the policy? That issue was submitted to the jury in plaintiff's instruction No. 2, and defendant's No. 4.

Objections to the refusal of instruction "B" for defendant are covered by the foregoing.

We have examined authorities cited by defendant including Lewis v. Ins. Co., 209 S. W. 625, arising on a Colorado policy, and find·they are not applicable.

The judgment should be affirmed.     All concur.